

**U.S. Department of Justice**

*Michael J. Sullivan*
United States Attorney
District of Massachusetts

Main Reception: (617) 748-3100

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

January 22, 2004

John C. McBride, Esq.
McBride & Natola, P.A.
240 Commercial Street, Suite 2B
Boston, MA 02109

FILED
in Open Court
USDC, Mass.
Date 2-5-04
By
Deputy Clerk

Re: <u>United States v. Abraao A. Oliveira</u>
    Criminal No. 03-10376-PBS

Dear Mr. McBride:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Abraao A. Oliveira ("Defendant"), in the above-captioned case. The Agreement is as follows:

1.  <u>Change of Plea</u>

By January 5, 2004, or the earliest later date available to the Court, Defendant shall waive indictment and plead guilty to all counts in which he is named in a Criminal Information, a copy of which is attached hereto. Defendant expressly and unequivocally admits that he in fact knowingly and willfully committed the crimes charged in counts I through IV of the Information, charging him with conspiracy in violation of 18 U.S.C. § 371; identity document fraud in violation of 18 U.S.C. § 1028(a); use of counterfeit visas in violation of 18 U.S.C. § 1546(a); and harboring illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv), and is in fact guilty of those offenses.

2.  <u>Penalties</u>

Defendant faces the following maximum penalties: on the charge of conspiracy in violation of 18 U.S.C. § 371, five years in prison, three years of supervised release, a $250,000.00 fine and a $100.00 mandatory special assessment; on the charge of

identity document fraud in violation of 18 U.S.C. § 1028(a)(3), fifteen years in prison, three years of supervised release, a $250,000.00 fine and a $100.00 mandatory special assessment; on the charge of use of counterfeit visas in violation of 18 U.S.C. § 1546(a), ten years in prison, three years of supervised release, a $250,000.00 fine and a $100.00 mandatory special assessment; and on the charge of harboring illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(iv), ten years in prison, three years of supervised release, a $250,000.00 fine and a $100.00 mandatory special assessment.

Defendant is deportable and/or removable from the United States, and agrees to be deported. At sentencing, Defendant will stipulate to an Order of Judicial Deportation as a consequence of his conviction of the offenses to which he is pleading guilty. A form of that Order is attached hereto.

3. <u>Sentencing Guidelines</u>

Based upon information currently known to the government, the parties will take the following positions at sentencing under the United States Sentencing Guidelines ("USSG"):

(a) That the applicable sentencing guidelines are USSG §2L1.1, the base offense level for which is 12, and USSG §2L2.1, the base offense level for which is 11; and

(b) that the number of documents/passports associated with defendant is greater than 24 and less than 100, resulting in an upward adjustment of six (6) points pursuant to USSG §2L1.1(b)(2)(B) and USSG §2L2.1(b)(2)(B); and

(c) that under the grouping principles set forth at USSG §§3D1.2 and 3D1.4, the offenses constitute a single group, resulting in no increase in offense level.

(d) The United States Attorney will take the position that a firearm was possessed in connection with the offenses, resulting in a two-level upward adjustment pursuant to §2L1.1(b)(4)(C). Defendant reserves the right to oppose this adjustment.

(e) Based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S.

2

Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under USSG §3E1.1, and will, based upon information known to the U.S. Attorney at this time, file a Motion for the third point under USSG §3E1.1(b).

The U.S. Attorney specifically reserves the right not to recommend a reduction under USSG §3E1.1 and not to file a motion under USSG §3E1.1(b) if, at any time between his execution of this Agreement and sentencing Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit his conduct in the offenses of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG § 1B1.3;

(d) Fails to provide truthful information about his financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG § 1B1.3;

(f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG § 3C1.1;

(g) Commits a crime; and/or

(h) Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to USSG § 3C1.1 if Defendant obstructs justice after date of this Agreement.

3

4.  Sentence Recommendation

The U.S. Attorney and Defendant agree to recommend the following sentence before the District Court:

   (a)  Incarceration at the low end of the applicable guideline;

   (b)  No fine, since, pursuant to USSG § 5E1.2(e) Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able, to pay a fine;

   (c)  Mandatory special assessment of $400.00;

   (d)  Supervised release of three years; and

   (e)  Deportation to be ordered by the U.S. District Court at the time of sentencing.

The U.S. Attorney and Defendant agree that at this time, there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines, except as explicitly reserved below. Should Defendant determine that he has a basis for a downward departure other than as set forth herein, he agrees to give the government, in writing, not less than fourteen (14) days advance notice of his intention to file such motion.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5.  Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.  Stipulation To Judicial Order Of Deportation

Defendant agrees he is not a citizen or national of the United States, and that he is a citizen of Brazil.

Defendant agrees that when he is convicted in the instant criminal proceeding, he will be convicted in this court for the

4

offenses of conspiracy in violation of 18 U.S.C. § 371; identity document fraud in violation of 18 U.S.C. § 1028(a); use of counterfeit visas in violation of 18 U.S.C. § 1546(a); and harboring illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv).

Defendant understands and knowingly waives any right to a hearing before an Immigration Judge or before any other authority under the Immigration and Nationality Act on the question of his deportability or removability from the United States. In this regard, Defendant understands and knowingly waives his rights to examine the evidence against him, to present evidence on his own behalf, or to cross-examine any witnesses presented by the government, in any administrative removal proceeding and to appeal from a determination of deportability or removability.

Defendant understands and knowingly waives his right to apply for any relief from deportability or removability from the United States that would otherwise be available to him. Defendant understands that if he is an alien lawfully admitted for permanent residence, acceptance of a final order of deportation or removal from the United States terminates that status.

Defendant understands that execution of an order of removal against him will have the legal consequence under the immigration laws of permanently barring him from re-entering the United States without the prior permission of the United States Attorney General.

Defendant agrees and stipulates to accept a final judicial order of deportation or removal knowing that it will result in his amenability to immediate deportation or removal from the United States upon conviction and completion of any period of incarceration. Defendant agrees that the order of deportation or removal be issued for his deportation to Brazil, or to any other country as prescribed by the immigration laws and regulations of the United States of America.

Defendant knowingly waives any and all rights to appeal, or to move to reopen or reconsider, or to seek to vacate, or to otherwise seek any judicial or administrative review of, the order of deportation or removal or the right of the United States Department of Homeland Security ("DHS") to enforce such order. Defendant waives any right to and agrees he will not seek any judicial or administrative stay of execution of the order of removal or deportation. Defendant waives any right to seek release from the custody of the DHS when DHS assumes such custody after conviction and his release from any period of incarceration

and preparatory to arrangements for his deportation or removal from the United States. Defendant agrees he will in all ways cooperate with DHS officials in the surrendering of or applying for any travel documents, or in other formalities relating to his deportation or removal from the United States and preparations therefore.

7. <u>Cooperation</u>

   a. <u>Terms of Cooperation</u>

Defendant agrees to cooperate fully with law enforcement agents and government attorneys. He must provide complete and truthful information to all law enforcement personnel. If his testimony is requested, he must testify truthfully and completely before any grand jury, and at any hearing and trial. Defendant must answer all questions put to him by any law enforcement agents or government attorneys and must not withhold any information. He must not attempt to protect any person or entity through false information or omission, or to implicate falsely any person or entity. Upon request, he must furnish all documents, objects and other evidence in his possession, custody or control that are relevant to the government's inquiries.

Defendant understands that he has a right to have counsel present when communicating with representatives of the government concerning the criminal conduct with which he has been charged. To facilitate his cooperation, Defendant hereby knowingly and voluntarily waives this right with respect to all debriefings by law enforcement agents and government attorneys and all appearances to testify. This waiver may be revoked at any time by a specific request by Defendant or his counsel without otherwise affecting the terms or enforceability of this Agreement.

To enable the Court to have the benefit of all relevant sentencing information, Defendant waives any rights he may have to prompt sentencing and will join in any requests by the U.S. Attorney that sentencing be postponed until Defendant's cooperation is complete. Defendant understands that the date of Defendant's sentencing is within the sole discretion of the Court and that this Agreement may require Defendant's cooperation to continue even after Defendant has been sentenced. Defendant's failure to continue to cooperate pursuant to the terms of this Agreement after sentence is imposed shall constitute a breach of this Agreement by Defendant.

b.  Substantial Assistance Motion

In the event that Defendant provides substantial assistance in the investigation or prosecution of another person who has committed a criminal offense, the U.S. Attorney agrees that, at or before the time of sentencing, the U.S. Attorney will make a motion under USSG § 5K1.1, so that the sentencing court may impose a sentence below that which otherwise would be required under the Sentencing Guidelines. The determination whether Defendant has provided substantial assistance rests solely in the discretion of the U.S. Attorney and is not subject to appeal or review. The U.S. Attorney expressly reserves the right to decline to file a motion pursuant to USSG § 5K1.1 if Defendant violates any of the requirements of honesty and candor detailed in paragraph 7(a) above, or engages in any criminal conduct after the date he signs this Agreement. Defendant may not withdraw his plea if the U.S. Attorney determines that Defendant has not rendered substantial assistance, or if the Court refuses to grant the U.S. Attorney's motion for a downward departure.

c.  Sentence Recommendation with Substantial Assistance

If Defendant provides substantial assistance, subject to all the provisions of paragraphs 7(a) and (b) above, the U.S. Attorney will advise the sentencing judge of the full nature, extent and value of the assistance provided by Defendant. The U.S. Attorney reserves the right to recommend a particular sentence or sentencing range, or to make no recommendation at Defendant's sentencing.

d.  Letter Immunity

In return for Defendant's full and truthful cooperation, the U.S. Attorney agrees not to use any information provided by Defendant pursuant to this Agreement or pursuant to the proffer letter dated September 15, 2003 (or any information directly or indirectly derived therefrom) against Defendant in any criminal case except in a prosecution (1) for perjury or obstruction of justice, or for making a false statement after the date of this Agreement; or (2) for an act of physical violence against the person of another, or conspiracy to commit any such act of violence. The U.S. Attorney reserves the right to respond fully and completely to all requests for information by the District Court and U.S. Probation Office in this case. All such disclosures, however, shall be made subject to the provisions constraining the use of this information by the District Court and U.S. Probation Office contained in USSG § 1B1.8(a) and the

commentary thereto. Notwithstanding the provisions of USSG § 1B1.8(b)(5) and the commentary thereto, the U.S. Attorney agrees to take the position that at the time of sentencing information provided by Defendant pursuant to this Agreement should not be used either in determining where within the applicable guideline range to sentence Defendant or in determining whether, or to what extent, a departure from the Sentencing Guidelines is warranted.

If the U.S. Attorney determines that Defendant has breached this Agreement by making any false, incomplete or misleading statement, or by providing any false, incomplete or misleading information to any law enforcement personnel, grand jury or court, the U.S. Attorney may terminate this Agreement as set forth below, and may also prosecute Defendant for any and all offenses that could be charged against him in the District of Massachusetts, including, but not limited to, false statements and perjury.

8. Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

9. Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets.

10. Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges

8

specified in paragraph one of this Agreement.

11. <u>Rejection of Plea By Court</u>

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

12. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, or pursuant to the proffer agreement dated September 15, 2003 without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

13. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

14. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter and in the proffer letter dated

September 15, 2003. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral with the sole exception of those contained in the proffer letter dated September 15, 2003. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

    If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Gregory Moffatt.

                                      Very truly yours,

                                      MICHAEL J. SULLIVAN
                                    United States Attorney

                    By: _____
                        JAMES B. FARMER
                        Assistant U.S. Attorney
                        Chief,
                        Criminal Division

                        STEPHEN P. HEYMANN
                        Assistant U.S. Attorney
                        Deputy Chief,
                        Criminal Division

                        GREGORY MOFFATT
                        Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

    I have read this letter in its entirety, or have had it read to me in my native language, and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms

of this Plea Agreement and whether I should go to trial.  I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

                                                ABRAAO A. OLIVEIRA
                                                Defendant

                                                Date:_____

      I certify that Abraao A. Oliveira has read this Agreement, has had it read to him in his native language, and that we have discussed its meaning.  I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

                                                JOHN C. McBRIDE, ESQ.
                                                Attorney for Defendant

                                                Date:_____